United States District Court

For the Northern District of California

1

2    UNITED STATES DISTRICT COURT

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    NANCY M. HUTSON AND HAROLD
     HUTSON,
7
                    Plaintiff,                      No. C 09-1951 PJH
8
              v.
9                                                   **ORDER GRANTING
     AMERICAN HOME MORTGAGE                         MOTION TO DISMISS
10   SERVICING, INC.; GLENN DAVID                   AND VACATING HEARING
     GUILLORY, INDIVIDUALLY AND AS                  DATE**
11   DBA INTEGRITY INVESTMENT
     GROUP, LLC; JEFFREY FIGONE
12   PROPERTIES, LLC AND BALDINI
     PROPERTIES, LLC AND DOES 1-10,
13
                    Defendants.
14   _____/

15

16          Before the court is a motion to dismiss filed by defendant American Home Mortgage

17   Servicing Inc. ("American Home"), or, in the alternative, a motion for a more definite

18   statement.  Also before the court is a motion to dismiss, a motion to expunge notice of

19   pending action, and a motion for attorney's fees filed by Glenn David Guillory; Integrity

20   Investment Group, LLC; Jeffrey Figone Properties, LLC; and Baldini Properties, LLC

21   ("Integrity Investment defendants").  Plaintiffs Nancy and Harold Hutson ("plaintiffs") did not

22   oppose the motion.  Because the court finds that oral argument is unnecessary and would

23   not be helpful, the hearing date of October 21, 2009 is VACATED pursuant to Civil Local

24   Rule 7-1(b).  For the reasons stated below, defendant American Home's motion to dismiss

25   is GRANTED.[1]

26   _____

27          [1]      One day prior to issuance of the instant order, plaintiffs filed both a first amended
     complaint, and a request for dismissal with prejudice of defendants Guillory, Integrity
28   Investment Group, LLC, Jeffrey Figone Properties, LLC, and Baldini Properties, LLC (the first
     amended complaint is alleged as to defendant American Home only).  By separate order, the
     court grants plaintiffs' request for dismissal, thereby mooting the instant motion to dismiss

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BACKGROUND**

This action arises out of the initiation of non-judicial foreclosure proceedings on real property purchased by plaintiffs.   Plaintiffs are residents of Martinez, California and former owners of a single family dwelling located at 4430 Canyon Way, Martinez, California.  First Amended Complaint ("FAC") ¶ 3.  On December 5, 2005, plaintiff Nancy Hutson obtained a loan for $712,500.00 from Argent Mortgage Company, LLC.  American Home's Request for Judicial Notice ("RJN"), ex. A.  The loan was secured by a deed of trust on property located at 4430 Canyon Way, Martinez, California.  Id.

A Notice of Default was recorded on February 2, 2009, cautioning plaintiff Nancy Hutson that if she did not cure the default, a foreclosure sale could be initiated upon the property used to secure the loan.  American Home's RJN, ex. B.  On May 14, 2009, a Substitution of Trustee was recorded substituting American Home Default Services, Inc. as the new Trustee under the 2005 deed of trust.  American Home's RJN, ex. C.  On the same day, American Home Default Services, Inc. recorded a Notice of Trustee's Sale, stating that plaintiffs were in default under a Deed of Trust dated December 5, 2005 as Instrument No. 2005-0479288-00 in the Official Records of Contra Costa County, and that the property would be subject to sale in a public auction on June 8, 2009.  American Home's RJN, ex. D.  On June 15, 2009, a Trustee's Deed Upon Sale was recorded, stating that the property was sold to Integrity Investment Group, LLC and Baldini Figone Properties, LLC on June 8, 2009.  American Home's RJN, ex. E.

Plaintiffs filed this action in Contra Costa Superior Court on June 8, 2009.  Plaintiffs filed an amended complaint on June 15, 2009 against American Home and the Integrity Investment defendants.  The first amended complaint alleges six causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3)

brought by these defendants.  However, in order to avoid any delay in issuing the instant order occasioned by plaintiffs' recent filings, the court issues the instant order notwithstanding those filings.  To the extent the order disposes of arguments or claims in connection with the motion brought by those defendants whom plaintiffs seek to dismiss, such arguments are hereby deemed MOOT.

**United States District Court**

For the Northern District of California

1   intentional misrepresentation; (4) negligent misrepresentation; (5) fraud; and (6) violation of

2   California Business and Professions Code section 17200.  See generally FAC.

3        On July 16, 2009, American Home removed this action to federal court.  On August

4   28, 2009, Integrity Investment filed a motion to dismiss, a motion to expunge notice of

5   pending action, and a motion for attorney's fees.  On September 4, 2009, American Home

6   filed a motion to dismiss, or, in the alternative, for a more definite statement.  Plaintiffs did

7   not oppose these motions.  On October 9, 2009, American Home filed a notice of non-

8   receipt of opposition to its motion to dismiss.

9                                   **DISCUSSION**

10  A.    Legal Standard

11        1.    Motion to Dismiss, Rule 12(b)(6)

12        "A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be

13  dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in

14  support of his claim which would entitle him to relief.' "  Navarro v. Block, 250 F.3d 729, 732

15  (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no

16  cognizable legal theory or there is an absence of sufficient facts alleged to support a

17  cognizable legal theory.  Id.  The issue is not whether a plaintiff is likely to succeed on the

18  merits but rather whether the claimant is entitled to proceed beyond the threshold in

19  attempting to establish his or her claims.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.

20  1978).

21        In evaluating a motion to dismiss, all allegations of material fact are taken as true

22  and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v.

23  Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

24   The court, however, is not required to accept as true allegations that are merely

25  conclusory, unwarranted deductions of fact, or unreasonable inferences.  Sprewell v.

26  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor do courts assume the truth

27  of legal conclusions merely because they are cast in the form of factual allegations,

28

                                        3

1 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can

2 prove facts different from those it has alleged.  Associated General Contractors of

3 California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

4       To survive a motion to dismiss for failure to state a claim, a complaint generally must

5 satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

6 Rule 8 requires only that the complaint include a "short and plain statement of the claim

7 showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are

8 unnecessary – the statement need only give the defendant "fair notice of the claim and the

9 grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell

10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to survive a motion to

11 dismiss, a plaintiff must allege facts that are enough to raise her right to relief "above the

12 speculative level."  Twombly, 550 U.S. at 555.  While the complaint "does not need detailed

13 factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his

14 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic

15 recitation of the elements of a cause of action will not do."  Id.  In short, a plaintiff must

16 allege "enough facts to state a claim to relief that is plausible on its face," not just

17 conceivable.  Id. at 570 .

18       A claim has facial plausibility when the pleaded factual content allows the court to

19 draw the reasonable inference that the defendant is liable for the misconduct alleged.

20 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009) (citing Twombly, 550 U.S. at 556).  Two

21 working principles underlie Twombly: (1) the tenet that a court must accept a complaint's

22 allegations as true is inapplicable to threadbare recitals of a cause of action's elements,

23 supported by mere conclusory statements; and (2) determining whether a complaint states

24 a plausible claim is context-specific, requiring the reviewing court to draw on its experience

25 and common sense.  Iqbal, 129 S.Ct. at 1940 (citing Twombly, 550 U.S. at 555-56).  In

26 considering a motion to dismiss, a court may begin by identifying allegations that, because

27 they are mere conclusions, are not entitled to the assumption of truth.  Iqbal, 129 S.Ct. at

28

4

1940.  Legal conclusions can provide the complaint's framework, but they must be

supported by factual allegations.  Id.  When a complaint contains well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief.  Id. at 1940-41.

In addition, when resolving a motion to dismiss for failure to state a claim, the court

may not generally consider materials outside the pleadings.  Lee v. City of Los Angeles,

250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a

matter that is properly the subject of judicial notice, such as matters of public record.  Id. at

689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir.

1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters

of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

judgment), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501

U.S. 104, 111 (1991).

2.      Motion for a More Definite Statement, Rule 12(e)

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to

which a responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is

proper only where the complaint is so indefinite that the defendant cannot ascertain the

nature of the claim being asserted" and therefore "cannot reasonably be expected to frame

a proper response."  Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before

Trial (2008 ed.) § 9:347 (citing Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575,

578 (N.D. Cal. 1999); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949

(E.D. Cal. 1981)).

A motion for a more definite statement attacks intelligibility, not simply lack of detail.

For this reason, the motion fails where the complaint is specific enough to apprise the

defendant of the substance of the claim being asserted.  Bureerong v. Uvawas, 922 F.

Supp. 1450, 1461 (C.D. Cal. 1996); see also Hubbs v. County of San Bernardino, CA, 538

F. Supp. 2d 1254, 1262 (C.D. Cal. 2008).

United States District Court

For the Northern District of California

B.      Requests for Judicial Notice

American Home requests that this court take judicial notice of the following documents: (1) Deed of Trust, recorded on December 15, 2005, in the Official Records of Contra Costa County, California as Instrument No. 2005-0479288-00; (2) Notice of Default and Election to Sell Under Deed of Trust, recorded on February 2, 2009, in the Official Records of Contra Costa County, California, as Instrument No. 2009-0020105-00; (3) Substitution of Trustee, recorded on May 14, 2009, in the Official Records of Contra Costa County, California, as Instrument No. 2009-0109861-00; (4) Notice of Trustee's Sale, recorded on May 14, 2009, in the Official Records of Contra Costa County, California, as Instrument No. 2009-0109862-00; and (5) Trustee's Deed Upon Sale, recorded on June 15, 2009, in the Official Records of Contra Costa County, California, as Instrument No. 2009-0139174-00.  American Home's RJN.

The Integrity Investment defendants also request that this court take judicial notice of the Verified Complaint for Unlawful Detainer Post Foreclosure filed on June 22, 2009 in the Superior Court of California, Contra Costa County, Case No. CS09-0563.  Integrity Investment's RJN.

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As to the documents recorded in the Official Records of Contra Costa County, the court GRANTS American Home's request for judicial notice, as these documents are matters of public record.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); W. Fed. Sav. v. Heflin, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

United States District Court

For the Northern District of California

1    As to the verified complaint, the court GRANTS Integrity Investment's request for

2    judicial notice.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th

3    Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public

4    record such as pleadings in related litigation); Headwaters Inc. v. United States Forest

5    Service, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (courts make take judicial notice of the

6    docket in related cases as materials from a proceeding in another tribunal are appropriate

7    for judicial notice.).

8    C.    Motions to Dismiss

9    As a preliminary matter, the amended complaint sets forth seven allegations

10   underlying each of the six causes of action averred in the complaint.  The court discusses

11   the merit of each of these arguments in turn.  Subsequently, the court will address each of

12   plaintiffs' six causes of action.

13        1.    Common Allegations Underlying Each Cause of Action

14            a.    Truth in Lending Act

15   The first two allegations common to all of the plaintiffs' causes of action are that

16   American Home issued loans without providing and disclosing to its customers the required

17   Truth in Lending Disclosures and the Annual Percentage Rate ("APR") to be charged for

18   the loan.  FAC ¶¶ 17, 18, 24, 34, 39, 43, 47, 52.

19   The Truth in Lending Act ("TILA") is intended to protect consumers in credit

20   transactions by requiring disclosure of key terms of the lending arrangement and its related

21   costs.  See 15 U.S.C. § 1601 et seq.  A lender's violation of TILA allows the borrower to

22   seek damages or to rescind a consumer loan secured by the borrower's primary dwelling.

23   15 U.S.C. §§ 1635(a), 1640(a).  A plaintiff's damage claims relating to improper disclosures

24   under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs

25   from the time the loan transaction is consummated.  King v. State of California, 784 F.2d

26   910, 915 (9th Cir. 1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th

27   Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan

28   documents were signed).

United States District Court

For the Northern District of California

1    Plaintiffs' TILA allegations fail for two reasons.  First, since American Home did not

2  originate the loan, the claim must fail to the extent premised on disclosures made during

3  the loan transaction itself.  Second, American Home correctly argues that plaintiffs cannot

4  avail themselves of either remedy TILA provides.  Plaintiffs signed their loan documents in

5  December 2005, but did not file suit until June 2009.  As such, the one-year time limit for

6  any claim for damages is time-barred, unless the doctrine of equitable tolling applies.  See

7  King, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in

8  the appropriate circumstances, suspend the limitations period until the borrower discovers

9  or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of

10  the TILA action).  Plaintiffs, however, make no allegation that equitable tolling is warranted

11  under the circumstances.  Accordingly, plaintiffs' TILA damages claim is time-barred and

12  therefore is dismissed.

13    To the extent plaintiffs attempt to state a claim for rescission, TILA's "buyer's

14  remorse" provision allows borrowers three business days to rescind, without penalty, a

15  consumer loan that uses their principal dwelling as security.  Semar v. Platte Valley Federal

16  Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a).  TILA and its

17  regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"),

18  require the lender to provide a form stating the specific date on which the three-day

19  rescission period expires.  Semar, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).

20    A borrower's right of rescission is extended from three days to three years if the

21  lender (1) fails to provide a notice of the borrower's right of rescission, or (2) fails to make a

22  material disclosure.  12 C.F.R. § 226.23(a)(3).  "An obligor's right of rescission shall expire

23  three years after the date of consummation of the transaction or upon the sale of the

24  property, whichever occurs first, notwithstanding the fact that the information and forms

25  required under this section or any other disclosures required under this part have not been

26  delivered to the obligor."  15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("If the

27  required notice or material disclosures are not delivered, the right to rescind shall expire 3

28

United States District Court

For the Northern District of California

1   years after consummation, upon transfer of all of the consumer's interest in the property, or

2   upon sale of the property, whichever occurs first.").

3   Plaintiffs took out the loan on December 5, 2008, thereby consummating the loan on

4   that date.  Thus, plaintiffs' right of rescission expired in 2008, three years after the date of

5   consummation of the loan.  Accordingly, plaintiffs' right of rescission had already expired on

6   June 8, 2009, the date on which they filed the instant action.  Therefore, to the extent the

7   plaintiffs' six causes of action rely on TILA in alleging that the defendants actions were

8   unlawful, those causes of action are dismissed.

9   b.   Real Estate Settlement Procedures Act

10  Next, plaintiffs allege that American Home "failed to provide [its] customers, as

11  required under law, a detailed Good Faith Estimate detailing all relevant fees to be

12  charged."  FAC ¶ 19.

13  The Real Estate Settlement Procedures Act ("RESPA") "requires mortgage lenders

14  to disclose the costs associated with real estate closings."  Bloom v. Martin, 77 F.3d 318,

15  320 (9th Cir. 1996) (citing 12 U.S.C. § 2601)).  RESPA was enacted to institute:

16  
17          [S]ignificant reforms in the real estate settlement process . . . to insure that
            consumers throughout the Nation are provided with greater and more timely
18          information on the nature and costs of the settlement process and are
            protected from unnecessarily high settlement charges caused by certain
19          abusive practices that have developed in some areas of the country.

20  12 U.S.C. § 2601(a).

21  To the extent plaintiffs attempt to state a claim for relief based on a violation of

22  section 2607, they have failed to plead a cognizable cause of action.  American Home is

23  not a "mortgage lender" as contemplated by RESPA, but rather the Trustee on the Deed of

24  Trust as of May 2009.  Thus, plaintiffs' claims, to the extent they rely upon any alleged

25  violation of RESPA, are dismissed.

26  c.   Signed Original Promissory Note

27  Next, plaintiffs claim as a basis for all six causes of action that American Home

28  "failed to provide [its] customers, as required under law, a signed original of the Promissory

9

United States District Court

For the Northern District of California

Note relevant to [its] individual customers' loans." FAC ¶¶ 20, 28, 34, 38, 42, 46, 52. American Home argues that plaintiffs signed a promissory note in favor of Argent Mortgage Company, LLC, and not in favor of American Home; therefore, American Home contends that it has no loan contract with plaintiffs. American Home's Mot. to Dismiss, 8. Moreover, American Home contends that the complaint cites no provision in the loan contract requiring a signed original of the promissory note be furnished to plaintiffs, nor any statutes imposing such a duty. Id. at 8-9.

The language in Section 17 of the Deed of Trust provides the following: "Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument." American Home's RJN, ex. A, § 17. However, the complaint does not recite any statutory or contractual duty of defendants to provide a signed, original Promissory Note. As such, the complaint does not give either defendant fair notice of the claim and the grounds upon which it rests. Therefore, to the extent the complaint is predicated on a violation of an unspecified obligation to provide plaintiffs with a signed original Promissory Note, the complaint is insufficiently pled.

d.    Disclosure of Lawful Interest Rate

Plaintiffs also allege, in support of all six causes of action, that American Home "charged an excessive and undisclosed amount in interest charges in violation of law." FAC ¶¶ 21, 29, 34, 38, 42, 46, 52.

Turning to the plaintiffs' first allegation that American Home charged un undisclosed amount of interest, as American Home points out in its motion, the interest rate on plaintiffs' loan was fully disclosed. American Home's Mot. to Dismiss, 9; American Home's RJN, ex. A. The Deed of Trust includes an Adjustable Rate Rider, each page of which is initialed and signed by plaintiff Nancy Hutson. Id. Section A of the Adjustable Rate Rider states that "[t]he Note provides for an initial interest rate of 7.350%" and that the interest rate to be paid "may change on the first day of January, 2008, and on that day every sixth month thereafter." Id. Section A further explains that beginning January 2008, the interest rate was adjusted at six-month intervals in accordance with the London market ("LIBOR") six-

United States District Court

For the Northern District of California

month index, as published in the Wall Street Journal. Id.  The Adjustable Rate Rider declares that the interest rate on the loan will never exceed 13.350%, nor fall below 7.350%.  Id.

The Adjustable Rate Rider clearly states that the interest rate would be 7.350% from December 2005 through January 2008, and that on the first day of January 2008, the interest rate could change every six months, calculated in the manner denoted in Section A.  See id.  Accordingly, the court finds that the interest rate on plaintiffs' loan was fully disclosed.

Turning to the plaintiffs' allegation that the interest rate was "excessive," the complaint fails to state a viable claim for usury.  To state a claim for usury, a plaintiff must allege that: (1) the transaction was a loan or forbearance; (2) the interest rate to be paid exceeded the statutory maximum; (3) the loan and interest was absolutely repayable by the borrower; and (4) the lender willfully intended to enter into a usurious transaction.  Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994).  Moreover, in the absence of clear evidence to the contrary, the law presumes that the transaction was non-usurious and therefore legal.  Moore v. Dealy, 117 Cal. App. 2d 89, 94-95 (1953).  Thus, if the transaction in question is open to two constructions, one finding the transaction legal and the other finding it illegal, the court has a duty to adopt the construction in favor of lawfulness.  Id.

Here, the complaint fails to set forth a valid usury claim.  First, the complaint fails to plead that American Home was an originating or other mortgage lender who participated in any loan-related conduct.  Additionally, the complaint fails to plead any facts showing that the interest rate charged exceeded the statutory maximum.

In sum, the court finds that the plaintiffs' complaint fails to state an unambiguous claim for usury; therefore, the motion must be granted to the extent the plaintiffs' causes of action are premised on allegations that the loan transaction was usurious.

e.      Loan Modification

Next, the complaint alleges as support for each cause of action that American Home "illegally and unfairly" required that customers first pay it inflated forbearance fees prior to

11

1   making any determination as to the customers' right to a loan modification.  FAC ¶¶ 7, 22,

2   23, 30, 34, 53.  The complaint further alleges that American Home "promised that, should

3   [its] customers, through no fault of their own, encounter financial difficulties, [it] would act in

4   a fair and reasonable manner and would 'work with' [its] customers to ensure that [its]

5   customers did not lose their homes."  FAC ¶¶ 39, 43, 47.

6        The complaint fails to cite any contractual or statutory provision granting plaintiffs a

7   right of loan modification.  To the contrary, Section 22 of the Deed of Trust provides for full

8   acceleration of all sums due in the event of default.  American Home's RJN, ex. A.  Section

9   22 declares that in the event of an uncured default, "Lender at its option may require

10  immediate payment in full of all sums secured by this Security Instrument without further

11  demand and may invoke the power of sale and any other remedies provided in this Section

12  22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

13  American Home's RJN, ex. A, § 22.

14       Because plaintiffs do not cite any contractual or statutory right to loan modification

15  and the complaint does not allege with sufficient clarity the circumstances of American

16  Home's alleged promise to "work with" its customers, the court finds that the complaint

17  does not adequately allege any violations of law regarding loan modification.

18             f.      Conspiracy to Sell Property at Less than Fair Market Value

19       The last common allegation underlying several causes of action is plaintiffs' claim

20  that defendants conspired to sell plaintiffs' property at a price below fair market value, FAC

21  ¶¶ 7, 22, 49, 53, and that defendants conspired "not to drive up the price" of plaintiffs'

22  property.  FAC ¶ 49.  Specifically, the complaint alleges that "plaintiffs and others witnessed

23  a discussion between a representative of [the Integrity Investment defendants] and other

24  buyers at the trustee sale whereby those persons unlawfully agreed not to outbid the

25  representative of [the Integrity Investment defendants] and not to drive up the price."  FAC

26  ¶ 49.  The complaint further alleges, on information and belief, that defendants' "practice

27  was to have a representative of [the Integrity Investment defendants] later pay a 'kickback'

28  to the representative of [d]efendants American Home . . . who insisted on the trustee sale

United States District Court

For the Northern District of California

out of the later huge profit on the resale of the [p]laintiffs' home." FAC ¶ 49.  In short, plaintiffs contend that the bidding process was "'rigged' in favor of" the Integrity Investment defendants.  FAC ¶ 53.

Turning first to California law, civil conspiracy is not a separate and distinct cause of action.  Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997).  "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994).  Liability for civil conspiracy generally requires three elements: (1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy.  Id. at 511.

In addition to the California requirements for pleading a civil conspiracy action, the Ninth Circuit has held that if the object of a conspiracy is fraudulent, the plaintiff is required to comply with the stringent requirements of Rule 9(b), and plead the facts of the alleged conspiracy with particularity.  Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 990-91 (9th Cir. 2006).

Here, the object of the alleged conspiracy involved a scheme to conduct fraudulent trustee's sales whereby defendants allegedly conspired to hold down bids at foreclosures. Because the object of the alleged conspiracy is fraudulent, plaintiffs' allegations must therefore comport with the pleading requirements of Rule 9(b).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  In this regard, the plaintiff must plead items such as the time, place, and specific content of the false representations as well as the identities of the parties who participated in the misrepresentation.  Id.; see also Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    In addition, "Rule 9(b) does not allow a complaint to merely lump multiple defendants

2    together but require[s] plaintiffs to differentiate their allegations when suing more than one

3    defendant . . . and inform each defendant separately of the allegations surrounding his

4    alleged participation in the fraud." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764-65 (9th Cir.

5    2007).

6    In sum, in order to state a claim for civil conspiracy upon which relief may be

7    granted, the plaintiff must meet the three California elements list above, as well as satisfy

8    the particularity requirement of Rule 9(b).

9    Turning first to California's requirements, the complaint fails to meet all three prongs

10   of the relevant test.  The complaint does allege the formation of a conspiracy, thereby

11   satisfying the first prong of the test.  Specifically, plaintiffs describe a discussion between a

12   representative of the Integrity Investment defendants and other buyers at the trustee sale

13   wherein the buyers agreed not to outbid the Integrity Investment representative; these facts

14   allege formation of a conspiracy, and thus satisfy the first element.  However, the complaint

15   does not satisfy the second element, in that it does not allege facts to suggest that a

16   wrongful act was actually committed.  Merely recounting an alleged conversation among

17   defendants and "other buyers" at the trustee's sale is insufficient to demonstrate that such

18   individuals engaged in the activities discussed.  Therefore, the second prong of the test is

19   not satisfied, and the complaint does not meet the civil conspiracy requirements of

20   California law.

21   Moreover, the complaint fails to satisfy the level of particularity that Rule 9(b)

22   demands.  While plaintiffs tangentially allege the time and place of the alleged conspiracy

23   by noting that the alleged conversation took place at "the trustee sale," the complaint does

24   not specifically identify the parties involved in the agreement.  The complaint's references

25   to an unnamed "representative" of the Integrity Investment defendants and "other buyers"

26   are too vague to provide defendants with the notice contemplated by Rule 9(b).

27   Furthermore, the complaint does not provide the what, where, or when regarding the

28   alleged "practice" of "defendants . . . to have a representative of [the Integrity Investment

1   defendants] later pay a 'kickback' to the representative of [d]efendants American Home . . .

2   who insisted on the trustee sale out of the later huge profit on the resale of the [p]laintiffs'

3   home." Without such particularity, these allegations do not satisfy the standards of Rule

4   9(b).

5        Accordingly, none of the seven common allegations stated throughout the complaint

6   satisfy the pleading standards required to survive a motion to dismiss. The court now turns

7   to the six causes of action alleged in plaintiffs' complaint.

8        2.      First Cause of Action: Breach of Contract

9        Plaintiffs allege breach of contract as their first cause of action. The complaint

10  states that American Home "operated as mortgage lenders, brokers and mortgage loan

11  servicers and in such capacity have entered into mortgage loan contracts with their

12  customers." FAC ¶ 24. As such, plaintiffs allege that American Home was required to fulfill

13  the following contractual obligations: (1) provide Truth in Lending disclosures; (2) disclose

14  to customers the APR to be charged for their respective loans; (3) provide customers with a

15  Good Faith Estimate explaining all the fees to be charged; (4) provide customers with a

16  signed original of their Promissory Note; and (5) charge a reasonable and disclosed

17  amount of interest in compliance with the law. FAC ¶ 24.

18       Plaintiffs' first cause of action fails. First, plaintiff Nancy Hutson signed a loan

19  agreement with Argent Mortgage Company, LLC, not with American Home or the Integrity

20  Investment defendants; therefore, neither defendant could have breached a contract

21  because neither defendant entered into a contract with plaintiffs.

22       Additionally, plaintiffs have not pled any of the underlying allegations averred in

23  support of the breach of contract cause of action with sufficient facts to withstand a motion

24  to dismiss. TILA does not provide a basis for recovery because (1) American Home did not

25  originate the loan; and (2) as discussed above, plaintiffs are time-barred from recovering

26  damages or rescinding the loan agreement. Moreover, American Home has not unlawfully

27  withheld or charged excessive interest rates, as the interest rate and method of calculation

28

15

United States District Court
For the Northern District of California

1    pertaining to plaintiffs' loan are clearly denoted in the Adjustable Rate Rider, attached to

2    the Deed of Trust.

3        Furthermore, plaintiffs cannot recover under RESPA because American Home is not

4    a mortgage lender, but rather the Trustee on the Deed of Trust.  As to the Promissory Note,

5    plaintiffs do not point to any clause in the loan agreement requiring that they be furnished

6    with a signed original of the Promissory Note.

7        Finally, as both defendants note, the plaintiffs have not alleged sufficient facts to

8    demonstrate that they suffered damages from the foreclosing of their property.  The plaintiff

9    must suffer damages in order to recover for breach of contract.  Cal. Civ. Code § 3300;

10   Coughlin v. Blair, 41 Cal. 2d 587, 600 (1953).  While mere inadequacy of price, standing

11   alone, will not justify setting aside a trustee's sale, gross inadequacy of price coupled with

12   even slight unfairness or irregularity is a sufficient basis for setting the sale aside.  Whitman

13   v. Transtate Title Co., 165 Cal. App. 3d 312, 323 (1985).

14       As recorded on the Trustee's Deed Upon Sale, the Integrity Investment defendants

15   purchased the property for $365,200.00.  American Home's RJN, ex. E.  The Trustee's

16   Deed Upon Sale also states that the total amount of unpaid debt and costs under the

17   foreclosing loan was $765,983.27.  Id.  The complaint repeatedly states that the house was

18   sold for less than half its market value, FAC ¶¶ 4, 10, 11, 18, 20; however the complaint

19   does not provide the fair market value of the property on June 8, 2009, the date of the

20   foreclosure sale.  If the value of the house did not exceed the amount of all secured claims,

21   plaintiffs lost no equity and thus suffered no damages as a result of the sale.

22       Therefore, the complaint does not provide sufficient facts to raise plaintiffs' right to

23   relief above a speculative level, as is required to survive a motion to dismiss.  Accordingly,

24   the plaintiffs' complaint fails to state a claim for breach of contract upon which relief may be

25   granted; thus, plaintiffs' cause of action for breach of contract is dismissed.

26       3.    Second Cause of Action: Covenant of Good Faith and Fair Dealing

27       The court also finds inadequate the plaintiffs' cause of action for breach of the

28   implied covenant of good faith and fair dealing.

United States District Court

For the Northern District of California

1    Every contract "imposes upon each party a duty of good faith and fair dealing in its

2  performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784,

3  798 (2008).  To establish a breach of an implied covenant of good faith and fair dealing, a

4  plaintiff must establish the existence of a contractual obligation, along with conduct that

5  frustrates the other party's rights to benefit from the contract.  See Racine & Laramie v.

6  Dep't of Parks and Rec., 11 Cal. App. 4th 1026, 1031 (1992); see also Gus v. Bechtel Nat.

7  Inc., 24 Cal. 4th 317, 349-50 (2000) (the covenant of good faith and fair dealing cannot be

8  endowed with an existence independent of its contractual underpinnings, and thus cannot

9  impose substantive duties or limits on the contracting parties beyond those incorporated in

10  the specific terms of their agreement); Smith v. City and County of San Francisco, 225 Cal.

11  App. 3d 38, 49 (1990) ("Without a contractual relationship, [a plaintiff] cannot state a cause

12  of action for breach of the implied covenant.").

13    Plaintiffs' second cause of action does not satisfy the minimal notice pleading

14  requirements of Rule 8.  As noted above, the amended complaint does not assert facts

15  establishing that either American Home or the Integrity Investment defendants had a

16  contract with the plaintiffs, nor that either defendant breached a contractual obligation.

17  See, e.g., Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 567 (1973) (declining to impose

18  liability for breach of the covenant of good faith and fair dealing on defendants who were

19  not parties to the initial agreement from which the covenant was implied).

20    Even construing the complaint liberally, because neither defendant was a party to

21  the loan agreement, plaintiffs have not alleged a contractual obligation breached by either

22  defendant arising from any agreement plaintiffs made with American Home or the Integrity

23  Investment defendants, nor have plaintiffs alleged conduct that frustrated their right to

24  benefit from such a contract.  Such pleading does not give either defendant here fair notice

25  of the claim and the grounds upon which it rests.  Vague allegations and mere labels and

26  conclusions are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at

27  1964-65.

28    Accordingly, plaintiffs' second cause of action is dismissed for failure to state a claim

1   upon which relief may be granted.

2        4.      Third and Fifth Causes of Action: Intentional Misrepresentation and Fraud

3        Plaintiffs' third and fifth causes of action allege that defendants represented to

4   plaintiffs that defendants would: (1) disclose to customers the required Truth in Lending

5   Disclosures; (2) provide customers with the required disclosure of the APR to be charged

6   for the loan; (3) provide customers with a detailed Good Faith Estimate detailing all relevant

7   fees to be charged to customers; (4) provide customers with a signed original of the

8   Promissory Note relevant to their individual customers' loans; (5) charge a reasonable and

9   disclosed amount of interest; and (6) act in a fair and reasonable manner and "work with"

10  customers to ensure that customers did not lose their homes.  FAC ¶ 39, 47.

11       The complaint further alleges that defendants made these representations

12  fraudulently and with "the intent to induce [plaintiffs] to enter into the loan contract."  FAC ¶

13  40, 48.  Moreover, the complaint avers that as a result of the defendants' above

14  statements, plaintiffs, "reasonably relying upon such representations, were induced to enter

15  into the loan contracts described herein by reason of such representations."  FAC ¶ 40, 48.

16       Under California law, the elements of common law fraud are "misrepresentation,

17  knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages."  Gil v.

18  Bank of Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006).  A court may dismiss a

19  claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading

20  requirements.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  This

21  means that plaintiff "must state with particularity the circumstances constituting fraud . . . ."

22  Fed. R. Civ. P. 9(b).  In other words, plaintiff must include "the who, what, when, where,

23  and how" of the fraud.  Vess, 317 F.3d at 1106 (citations omitted).  The plaintiff must "set

24  forth specific descriptions of the misrepresentations made, [and] the reasons for their

25  falsity."  Blake v. Dierdorff, 856 F.2d 1365, 1369 (9th Cir. 1988).

26       As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump

27  multiple defendants together but require[s] plaintiffs to differentiate their allegations when

28  suing more than one defendant . . . and inform each defendant separately of the allegations

18

surrounding his alleged participation in the fraud."  <u>Swartz</u>, 476 F.3d at 765-66; <u>see also</u>

<u>Pegasus Holdings v. Veterinary Centers of America, Inc.</u>, 38 F. Supp. 2d 1158, 1163 (C.D.

Cal. 1998) (Where an action involves multiple defendants, a plaintiff "must provide each

and every defendant with enough information to enable them 'to know what

misrepresentations are attributable to them and what fraudulent conduct they are charged

with.'").

The purpose of Rule 9(b) is to ensure that defendants accused of the conduct

specified have adequate notice of what they are alleged to have done, so that they may

defend against the accusations.  <u>Concha v. London</u>, 62 F.3d 1493, 1502 (9th Cir. 1995).

"Without such specificity, defendants in these cases would be put to an unfair advantage,

since at the early stages of the proceedings they could do no more than generally deny any

wrongdoing."  <u>Id.</u> (citing <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985)).

Plaintiffs' fraud claim based on intentional misrepresentation fails for two reasons.

First, this claim does not satisfy the heightened pleading requirements of Rule 9(b).

Plaintiffs have pled vague and conclusory allegations against American Home and the

Integrity Investment defendants without any information as to the "who, what, when, where,

and how" of the fraud.

As to the "who" of the alleged fraud, the complaint lumps all of the defendants

together by repeatedly referring categorically to "Defendants" rather than naming each

defendant individually.  For example, paragraph 39 of the complaint states that "Defendants

represented that they would fully comply with all state and Federal law;" and that

"Defendants promised that . . . they would . . . 'work with' their customers to ensure that

their customers did not lose their homes."  FAC ¶¶ 39, 47.  Such general pleading does not

contain enough information to enable American Home and the Integrity Investment

defendants to know what misrepresentations are attributable to them and what fraudulent

conduct they are charged with, including the names of the persons who made the allegedly

fraudulent representations, their authority to speak, to whom they spoke, what they said or

wrote, and when it was said or written.

United States District Court

For the Northern District of California

1    Nor have plaintiffs alleged, with sufficient particularity, what is false or misleading

2   about the representations.  As such, the allegations are insufficient to satisfy Rule 9(b)'s

3   purpose of ensuring that defendants accused of the conduct specified receive adequate

4   notice of what they are alleged to have done, so that they may defend against the

5   accusations.

6    Second, this claim is time-barred because plaintiffs commenced the instant action

7   more than three years after signing the loan documents.  The applicable statute of

8   limitations governing a fraud cause of action is California Code of Civil Procedure Section

9   338(d), which provides a three year statute of limitations for bringing "an action on the

10   ground of fraud or mistake."  Cal. Code Civ. Proc. § 338(d).  A cause of action for fraud or

11   mistake "is not to be deemed to have accrued until the discovery, by the aggrieved party, of

12   the facts constituting the fraud or mistake."  Id.  "The discovery rule only delays accrual until

13   the plaintiff has, or should have, inquiry notice of the cause of action."  Fox v. Ethicon

14   Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005).  "A plaintiff has reason to discover a cause

15   of action when he or she 'has reason at least to suspect a factual basis for its elements.'"

16   Id.  Plaintiffs are charged with presumptive knowledge of an injury if they have information

17   of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge

18   from sources open to their investigation.  Id. at 807-08.

19    "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a]

20   plaintiff whose complaint shows on its face that his claim would be barred without the

21   benefit of the discovery rule must specifically plead facts to show (1) the time and manner

22   of discovery and (2) the inability to have made earlier discovery despite reasonable

23   diligence."  Fox, 35 Cal. 4th at 808.  In assessing the sufficiency of the allegations of

24   delayed discovery, plaintiff bears the burden to show diligence; conclusory allegations will

25   not withstand a motion to dismiss.  See id.

26    Because the first five of the alleged misrepresentations listed above occurred

27   outside the three years prior to the filing of the complaint, plaintiffs bear the burden of

28   specifically pleading facts showing the time and manner of discovery and their inability to

United States District Court

For the Northern District of California

1  have made earlier discovery despite reasonable diligence.  Plaintiffs have not satisfied this

2  burden.  Plaintiffs failed to plead specific facts showing the time and manner in which they

3  discovered the representations or their inability to discover the representations despite

4  reasonable diligence.  Moreover, to the extent that this complaint is predicated on American

5  Home's failure to comply with TILA and RESPA statutory requirements, disclose the APR,

6  and provide a signed original Promissory Note, plaintiffs had the information they needed to

7  discover and bring an action regarding the alleged wrongs more than three years before

8  filing suit.  Nothing in the amended complaint suggests that plaintiffs were prevented from

9  comparing their loan documents and disclosures with TILA and RESPA statutory

10  requirements, or from searching the loan documents for disclosure of an interest rate and a

11  signed original of the Promissory Note.  Nor did plaintiffs plead facts demonstrating that

12  equitable tolling is warranted under the circumstances.

13         Accordingly, plaintiffs' third and fifth causes of action are dismissed for failure to

14  state a claim upon which relief may be granted.

15         5.       Fourth Cause of Action: Negligent Misrepresentation

16         Plaintiffs' fourth cause of action for negligent misrepresentation restates the same

17  facts alleged in support of their third and fifth causes of action for intentional

18  misrepresentation and fraud.  FAC ¶¶ 39, 43, 47.  Plaintiffs again assert that they relied on

19  defendants' representations and were thereby induced into entering into the loan

20  transaction.  FAC ¶ 44.

21         "Negligent misrepresentation is a form of deceit, the elements of which consist of (1)

22  a misrepresentation of a past or existing material fact, (2) without reasonable grounds for

23  believing it to be true, (3) with intent to induce another's reliance on the fact

24  misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to

25  whom the misrepresentation was directed, and (5) damages."  Fox v. Pollack, 181 Cal.

26  App. 3d 954, 962 (1986).  In addition, "it is well-established in the Ninth Circuit that claims

27  for negligent misrepresentation must meet Rule 9(b)'s particularity standard.  Neilson v.

28  Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003)

United States District Court

For the Northern District of California

1    Plaintiffs' fourth cause of action for negligent misrepresentation does not satisfy the

2  heightened pleading requirements of Rule 9(b).  First, the facts plaintiffs allege in support of

3  their cause of action for negligent misrepresentation do not provide any information as to

4  misrepresentations made by the defendants in this case.  None of the defendants were

5  parties to the loan agreement and therefore could not have made any of the

6  misrepresentations plaintiffs allege were made in the loan agreement.  Moreover, none of

7  the defendants to this action had a contractual or statutory obligation to make Truth in

8  Lending disclosures; provide a Good Faith Estimate; disclose the loan's APR; provide

9  plaintiffs with a signed original Promissory Note; or set the interest rate.  As such, the

10  complaint fails to set forth any misrepresentations of material fact made by these

11  defendants.  Furthermore, vague allegations that "[d]efendants" promised to "work with"

12  their clients to help clients avoid losing their homes are insufficient to give American Home

13  and the Integrity Investment defendants fair notice of the claim and the grounds upon which

14  it rests.  Mere labels and conclusions that lump all defendants together are insufficient to

15  withstand Rule 9(b)'s standard.

16    Finally, as noted above in the determination of plaintiffs' first cause of action, the

17  complaint fails to state with any specificity the amount, if any, of damages plaintiffs have

18  suffered.  Moreover, plaintiffs categorically refer to the "defendants" in a conclusory

19  manner, merely repeating the same allegations plead throughout the complaint.

20    Accordingly, plaintiffs' fourth cause of action is dismissed for failure to state a claim

21  upon which relief may be granted.

22    6.    Sixth Cause of Action: 17200 Unfair Competition Law Claim

23    Plaintiffs' sixth cause of action alleges that "defendants" violated California Business

24  and Professions Code section 17200, California's unfair competition law ("UCL"), by

25  engaging in "the activities referenced above as part of a systematic, methodical and

26  general practice of defrauding their customers into entering into unlawful and unfair loan

27  contracts."  FAC ¶ 53.  The complaint further alleges that defendants failed to comply with

28  all state and federally required disclosures; charged excessive interest and exorbitant

United States District Court

For the Northern District of California

forbearance fees; continued to force customers to make their loan payments with no intention of reviewing loan modification requests; and conspired together to ensure that homes were sold at far below fair market value.  FAC ¶ 53.

Under section 17200, unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."  See Cal. Bus. & Prof. Code § 17200.  An act is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law.  See Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law."  Id. at 187.  A practice is "false or misleading" if "members of the public are likely to be deceived."  See Chern v. Bank of America, 15 Cal. 3d 866, 876 (1976). Additionally, "[a] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'"  Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting Khoury v. Maly's of California, 14 Cal. App. 4th 612, 619 (1993)).

To the extent plaintiffs' section 17200 claim is predicated on American Home's violations of TILA and its regulations, it fails as a matter of law.  Plaintiffs' TILA rescission and damages claims are time-barred as noted above, and thus their UCL claim based on TILA violations likewise fails.

Similarly, plaintiffs' UCL claim cannot be predicated on any violations of RESPA, because as discussed above, neither American Home nor the Integrity Investment defendants were "mortgage lenders" as contemplated by RESPA.  Because section 17200 requires an underlying violation of law, a defense to the predicate claim is a defense to the alleged violation of the UCL claim.  See Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action); People v. Duz-Mor Diagnostic Lab., Inc., 68 Cal. App. 4th 654, 673 (1998) (a defense to the underlying offense is a defense under the UCL); see also Glenn K.

23

United States District Court

For the Northern District of California

Jackson Inc. v. Roe, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing section 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law). Without the predicate TILA or RESPA violations, there can be no section 17200 claim for unlawful business practices.  See Rubio v. Capital One Bank (USA), 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on TILA likewise failed).

Additionally, to the extent plaintiffs' section 17200 claim is predicated on the "fraudulent" prong of the UCL, based on conduct other than the alleged statutory violations, it is subject to dismissal for failure to state a claim.  Although fraud is not an essential element of a claim under section 17200, allegations of fraudulent conduct must nevertheless satisfy the heightened pleading requirements of Rule 9(b).  See Vess, 317 F.3d at 1103-05 (the heightened pleading standards of Rule 9(b) apply to allegations of fraud and allegations that sound in fraud, including false misrepresentations); see also Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements").

Here, plaintiffs' sixth cause of action for unfair competition simply repeats the allegations the complaint alleges in support of plaintiffs' causes of action for fraud and intentional misrepresentation.  As such, for the reasons previously stated in the court's discussion of those two causes of action, the allegations pled in support of plaintiffs' cause of action for unfair competition similarly fail to meet the particularity required by Rule 9(b).

Accordingly, plaintiffs' sixth cause of action is dismissed for failure to state a claim upon which relief may be granted.

D.     Motion to Expunge Notice of Pending Action and for Attorney's Fees

United States District Court

For the Northern District of California

1    The Integrity Investment defendants also filed a motion seeking to expunge the

2    Notice of Pending Action.   A Notice of Pending Action ("lis pendens") is designed to give

3    constructive notice of a pending lawsuit affecting title to described real property.  The

4    pleadings in the lawsuit to which the lis pendens refers must describe a specific parcel of

5    real property.  Gale v. Sup. Ct., 122 Cal. App. 4th 1388, 1395 (2004).   "The lis pendens

6    procedure provides a means by which a court may dispose of meritless real estate claims

7    at the preliminary stage of a case."   See Shah v. McMahon, 148 Cal. App. 4th 526, 529

8    (2007).

9    A lis pendens must be expunged without a bond if the court makes any of the

10   following three findings.  First, the court must expunge the lis pendens if the plaintiff's

11   complaint does not contain a "real property claim."  Cal. Code Civ. Proc. § 405.4.  A "real

12   property claim" is one affecting title or possession of specific real property.  Cal. Code Civ.

13   Proc. § 405.31.  The second circumstance in which the court must expunge the lis pendens

14   is if the plaintiff "has not established by a preponderance of the evidence the probable

15   validity of a real property claim."  Cal. Code Civ. Proc. § 405.3.  This requires the plaintiff to

16   demonstrate that it is more likely than not that the plaintiff will obtain a judgment against the

17   defendant on the claim.  Cal. Code Civ. Proc. § 405.32.  Finally, the lis pendens is void if

18   there was a defect in service or filing.  See Cal. Code Civ. Proc §§ 405.22-.23.

19   Here, plaintiffs have not demonstrated that their real property claim is probably valid.

20   First, plaintiffs only seek damages.  As defendants argue in their motion to expunge, the

21   amended complaint does not seek to affect title or possession to the real property, such as

22   by quiet title or cancellation of the Trustee's Deed.  Therefore, the claim does not meet the

23   "real property" requirement of sections 405.4 and 405.32.  Moreover, the plaintiffs have not

24   satisfied their burden to show that their claims are "probably valid."  As discussed above,

25   the court has dismissed the plaintiffs' complaint in its entirety.  Accordingly, the plaintiffs

26   have failed to demonstrate that they will "probably" win.  Finally, California Code of Civil

27   Procedure section 405.23 states that a Notice of Pending action is "void" if not served on a

28

United States District Court

For the Northern District of California

1   party.  Here, the notice was not served on Integrity Investment.  Accordingly, improper

2   service provides another ground for expungement of the lis pendens.

3       In sum, plaintiffs have not established that this action affects title or possession to

4   real property, that it is probably valid, or that service was properly effected.  Therefore, the

5   court GRANTS defendant's motion to expunge the Notice of Pending Action.

6       Defendants also seek an award of attorney's fees incurred in filing the instant

7   motion.  The court is required to direct an award to the prevailing party of the attorney's

8   fees and costs of making or opposing the motion unless it finds either that "the other party

9   acted with substantial justification or that other circumstances make the imposition of

10  attorney's fees and costs unjust."  Cal. Code Civ. Proc. § 405.38.

11      The Integrity Investment defendants request the court to order attorney's fees in the

12  amount of $1,300.00.  Decl. of Mark J. Romero, 2.  Mark J. Romero, defendants' attorney,

13  states that he expended four hours of attorney time for making this motion: two hours

14  engaging in factual and legal research to prepare the motion, and two additional hours

15  traveling to and attending the hearing.  Id.  Mr. Romero further states that his hourly rate is

16  $325.00, and that he has practiced real estate and lending law for 25 years.  Id.  Mr.

17  Romero's declaration states that this amount is within the reasonable standards of the

18  relevant legal community.

19      Pursuant to California Code of Civil Procedure section 405.38, the court finds this

20  amount to be reasonable.  Accordingly, the defendants' motion for attorney's fees is

21  GRANTED.

22                              **CONCLUSION**

23      For the foregoing reasons, the court GRANTS American Home's motion to dismiss,

24  as set forth above.  Because it is unclear that some of the deficiencies cannot be cured by

25  amendment, the dismissal is with leave to amend.  Additionally, as it is not clear to the

26  court that the first amended complaint filed yesterday changes anything other than the

27  number of defendants, plaintiffs shall either file a second amended complaint by November

28  6, 2009 or file a statement of their intention to stand on the first amended complaint.

American Home's answer or response shall be due twenty one days after the filing of either plaintiffs' second amended complaint or plaintiffs' statement of their intention to stand on the first amended complaint.

**IT IS SO ORDERED.**

Dated: October 16, 2009

_____

PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California